UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID GIBONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | **(JURY)** |
| PROPERTY INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL
## AND DEMAND FOR JURY TRIAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Allstate Vehicle and Property Insurance Company, and files their Notice of Removal pursuant to 28 U.S.C. §1446(a), as well as their formal Demand for Jury Trial, and in support thereof would show the Court as follows:

1.      On August 3, 2015, Plaintiff David Giboney, filed Plaintiff's Original Petition in the matter styled *David Giboney v. Allstate Vehicle and Property Insurance Company,* Cause No. DC-15-08663, in the 193rd Judicial District Court, Dallas County, Texas.

2.      Plaintiff served Allstate Vehicle and Property Insurance Company with a copy of the Petition by certified mail, return receipt requested on August 24, 2015.

3.      Defendant files this Notice of Removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and are attached hereto as Exhibit "A."  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

5.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Dallas County, Texas, the place where the removed action has been pending.

II.

<u>B<span style="font-variant:small-caps">ASIS</span> F<span style="font-variant:small-caps">OR</span> R<span style="font-variant:small-caps">EMOVAL</span></u>

6.      The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties, in that the Defendant is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff.  No Defendant is, or was at the time the suit was commenced, a citizen of the State of Texas.  Plaintiff is, and was at the time this lawsuit was filed a resident of Garland, Dallas County, Texas.  (See Petition, para. 3.). Defendant Allstate Vehicle and Property Insurance Company is an Illinois Corporation with its principal place of business in Illinois.  Accordingly, Allstate Vehicle and Property Insurance Company is a citizen of the State of Illinois and complete diversity exists.  The claim against Defendant Allstate concerns the alleged breach of an insurance contract.

**A.      The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction**

7.      In determining the amount in controversy, the court may consider the "policy limits . . . penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *See Ray v. State Farm Lloyds*, No. CIV. A. 3:98-CV-1288-G, 1999 WL 151667, at *2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations

of the Texas Deceptive Trade Practices Act and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

8.      This is a civil action in which the amount in controversy exceeds $100,000.00.  Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and denied that claim.  Plaintiff specifically alleges economic damages totaling more than $100,000.00 but less than $200,000.00.

9.      In addition to the above damages, the Plaintiff's Original Petition alleges that Defendant is liable under theories of common law fraud, unfair insurance practices, misrepresentation, violations of the Deceptive Trade Practices Act, violations of the Texas Insurance Code, and for attorney's fees.  *See* Plaintiff's Original Petition, paras. 30-66. This evidence clearly shows that the amount in controversy exceeds the jurisdictional requirements.

III.

**THE REMOVAL IS PROCEDURALLY CORRECT**

10.     Defendant was served with the Plaintiff's Original Petition on August 24, 2015. Defendants filed this Notice within the 30 day time period required by 28 U.S.C. §1446(b).

11.     Venue is proper in the District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

12.     Pursuant to 28 U.S.C. §1446(a) all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

15.     Defendants hereby demand a trial by jury.

IV.

## CONCLUSION

Based on the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Vehicle and Property Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,

**STACY & CONDER, LLP**

By:      /s/ David G. Allen
         David G. Allen
         State Bar No.: 00786972
         allen@stacyconder.com
         Joel A. Richmond
         State Bar No.:24065974
         richmond@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 Fax
**ATTORNEYS FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**


<u>**CERTIFICATE OF SERVICE**</u>

On **September 21, 2015** I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).


         /s/ Joel A. Richmond
         Joel A. Richmond

# EXHIBIT "A"

Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back          Location : All District Civil Courts  Images  Help

## REGISTER OF ACTIONS
### CASE NO. DC-15-08663

DAVID GIBONEY vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE
COMPANY

§
§
§
§
§

Case Type:  **CNTR CNSMR COM DEBT**
Date Filed:  **08/03/2015**
Location:  **193rd District Court**

---

**PARTY INFORMATION**

| | | **Lead Attorneys** |
|---|---|---|
| DEFENDANT | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | **DAVID G ALLEN** *Retained* 214-748-5000(W) |
| PLAINTIFF | GIBONEY, DAVID | **BRITTENE V WILSON** *Retained* 713-861-0015(W) |

---

**EVENTS & ORDERS OF THE COURT**

|  | OTHER EVENTS AND HEARINGS | |
|---|---|---|
| 08/03/2015 | NEW CASE FILED (OCA) - CIVIL | |
| 08/03/2015 | ORIGINAL PETITION | |
| | *Petition* | |
| 08/03/2015 | ISSUE CITATION | |
| 08/06/2015 | CITATION | |
| | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | Unserved |
| 08/07/2015 | CITATION ISSUED | |
| 09/11/2015 | ORIGINAL ANSWER - GENERAL DENIAL | |
| 09/15/2015 | SCHEDULING ORDER | |
| | Vol./Book 358L, Page 31,  5 pages | |
| 09/15/2015 | ORDER - LIMINE | |
| | Vol./Book 358L, Page 54,  5 pages | |
| 09/15/2015 | ORDER - MEDIATION | |
| | Vol./Book 358L, Page 32,  5 pages | |
| 11/12/2015 | *CANCELED*  DISMISSAL FOR WANT OF PROSECUTION  (1:30 PM) (Judicial Officer GINSBERG, CARL.) *BY COURT ADMINISTRATOR* | |
| 08/16/2016 | Non Jury Trial  (9:30 AM) (Judicial Officer GINSBERG, CARL) | |

---

**FINANCIAL INFORMATION**

|  | PLAINTIFF GIBONEY, DAVID | | |
|---|---|---|---|
| | Total Financial Assessment | | 315.00 |
| | Total Payments and Credits | | 315.00 |
| | **Balance Due as of 09/21/2015** | | **0.00** |
| 08/03/2015 | Transaction Assessment | | 315.00 |
| 08/03/2015 | CREDIT CARD - TEXFILE (DC)  Receipt # 44584-2015-DCLK | Giboney, David | (315.00) |

DALLAS COUN
8/3/2015 9:14:23
FELICIA PIT
DISTRICT CLE

Tonya Pointer

CAUSE NO. DC-15-08663 _____

| | | |
|---|---|---|
| DAVID GIBONEY, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | |
| Defendant. | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** David Giboney (hereinafter "Plaintiff"), and complains of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.      Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Garland, in Dallas County, Texas.

### PARTIES

3.      Plaintiff is an individual whose residence is located in Garland, Dallas County, Texas.

4.     Allstate Vehicle and Property Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case.  Defendant Allstate is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, CT Corporation System, at its registered address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever it may be found.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 3901 Cedar Creek Drive, Garland, TX 75043, (the "Property").  In addition to seeking economic and penalty based damages from Allstate, Plaintiff also seeks compensation from Allstate for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiff owns the Property.

7.     Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Allstate to cover the Property at issue in this case for a loss due to storm-related events.    Plaintiff's Property suffered storm-related damage. Through his residential policy, 829918867, Plaintiff was objectively insured for the subject loss by Defendant.

8.     On or around November 12, 2014, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiff relied on Allstate to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

9

10.    Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Allstate continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Allstate has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Allstate, as well as provided opportunities for Allstate to inspect the Property.   However, Allstate failed to conduct a fair investigation into the damage to the Property.   Moreover, Allstate failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Allstate's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Allstate.   Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Allstate failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.   As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.    Allstate has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Allstate has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.   Allstate did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.    Allstate has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Allstate in a timely manner.

17.    Allstate has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Allstate that failed to conduct a reasonable investigation.  Ultimately, Allstate performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.    Allstate has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.    As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Allstate.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Allstate has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.    All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

22.     All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and/or were completed in its normal and routine course and scope of employment with Allstate.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

24.     Allstate had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Allstate breached this duty in a number of ways, including but not limited to the following:

> a.     Allstate was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;
>
> b.     Allstate had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or
>
> c.     Allstate failed to properly complete all adjusting activities associated with Plaintiff.

25.     Allstate's acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

### B.
### BREACH OF CONTRACT

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiff purchased, Allstate had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Allstate's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Allstate collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

     a.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

     b.     Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

     c.     Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into

> which the consumer would not have entered had such information been disclosed;

d. Using or employing an act or practice in violation of the Texas Insurance Code;

e. Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

f. Failure to properly investigate Plaintiff's claim; and/or

g. Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Allstate in low-balling and/or denying Plaintiff's damage claim.

32. As described in this Original Petition, Allstate represented to Plaintiff that his insurance policy and Allstate's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

33. As described in this Original Petition, Allstate represented to Plaintiff that its insurance policy and Allstate's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34. By representing that Allstate would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Allstate has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35. Allstate has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.     Allstate's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

37.     Allstate's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Allstate to his detriment. As a direct and proximate result of Allstate's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Allstate are a producing cause of Plaintiff's damages that are described in this Original Petition.

39.     Because Allstate's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Allstate having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Allstate having intentionally committed such conduct.

40.     As a result of Allstate's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the

Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Allstate's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Allstate engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
>
> b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
>
> c.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
>
> d.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;
>
> e.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or
>
> f.    Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Allstate, and Plaintiff relied upon these unfair or deceptive acts or practices by Allstate to his detriment. Accordingly, Allstate became the insurer of Plaintiff.

44. As a direct and proximate result of Allstate's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues.

45. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Allstate's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Allstate having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Allstate having intentionally committed such conduct.

46. As a result of Allstate's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY
### OF GOOD FAITH AND FAIR DEALING

47.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

48.     By its acts, omissions, failures and conduct, Allstate has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

49.     Allstate has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Allstate knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.    These acts, omissions, failures, and conduct by Allstate is a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

50.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

51.     Allstate had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff.  As a result, Allstate owed a duty of good faith and fair dealing to Plaintiff.  Allstate breached that fiduciary in that:

      a.     The transaction was not fair and equitable to Plaintiff;

      b.     Allstate did not make reasonable use of the confidence that Plaintiff placed upon it;

      c.     Allstate did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d. Allstate did not place the interests of Plaintiff before its own, and Allstate used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

e. Allstate placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

f. Allstate did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

52. Allstate is liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Allstate's conduct.

## G.
## UNFAIR INSURANCE PRACTICES

53. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

54. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Allstate has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

55. Such violations include, without limitation, all the conduct described in this Original Petition, plus Allstate's failure to properly investigate Plaintiff's claim. Plaintiff also includes Allstate's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Allstate's failure to pay for the proper repair of Plaintiff's Property, as to which Allstate's liability had become reasonably clear.

56. Additional violations include Allstate's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Allstate's failure to look for coverage and give Plaintiff the benefit of the doubt, as well as

PLAINTIFF DAVID GIBONEY'S ORIGINAL PETITION                                    Page 12

**19**

Allstate's misrepresentations of coverage under the subject insurance policy. Specifically, Allstate is also guilty of the following unfair insurance practices:

    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b.    Engaging in unfair claims settlement practices;

    c.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Allstate's liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

57.    Allstate has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Allstate's conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

58.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

59.    Allstate is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Allstate did not inform Plaintiff of

certain exclusions in the policy.    Misrepresentations were made with the intention that they

should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his

detriment.  As a result, Plaintiff has suffered damages, including but not limited to loss of the

Property, loss of use of the Property, mental anguish and attorney's fees.  Allstate is liable for

these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

60.      Plaintiff hereby incorporates by reference all facts and circumstances in the

foregoing paragraphs.

61.      Plaintiff would show that Allstate perpetrated fraud by misrepresentation (either

intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied

upon such representations that ultimately resulted in his injuries and damages.  Alternatively,

Allstate fraudulently concealed material facts from Plaintiff, the result of which caused damage

to Plaintiff as a result of the storm-related damages.

62.      Specifically, and as a proximate cause and result of this fraudulent concealment,

fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or

consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional

limits of this Court.

63.      By reason of Plaintiff's reliance on Allstate fraudulent representations, negligent

misrepresentations and/or fraudulent concealment of material facts as described in this

complaint, Plaintiff has suffered actual damages for which he now sues.

64.      Plaintiff further alleges that because Allstate knew that the misrepresentations

made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent,

negligent or grossly negligent on the part of Allstate, and constitute conduct for which the law allows the imposition of exemplary damages.

65.    In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

66.    Accordingly, Plaintiff requests that penalty damages be awarded against Allstate in a sum in excess of the minimum jurisdictional limits of this Court.

**WAIVER AND ESTOPPEL**

67.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

68.    Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

**DAMAGES**

69.    Allstate's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

70.    More specifically, Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

**ADDITIONAL DAMAGES & PENALTIES**

71.    Allstate's conduct was committed knowingly and intentionally.    Accordingly, Allstate is liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

72.    In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

73.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

74.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Allstate disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

1.    Please produce Allstate's complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2.    Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents arc kept and drafts of all documents in the file.

3.    Please produce certified copy of the insurance policy pertaining to the claim involved in this suit.

4.    Please produce the electronic diary, including the electronic and paper notes made by Allstate's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

5.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiffs' underlying claim.

7.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

8.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

9.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate intend to offer these items into evidence at trial.

### INTERROGATORIES

76.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

1.     Please identify any person Allstate expect to call to testify at the time of trial.

2.     Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3.     If Allstate or Allstate's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate or any of Allstate's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate's investigation.

5.     Please state the following concerning notice of claim and timing of payment:

    a.     The date and manner in which Allstate received notice of the claim;
    b.     The date and manner in which Allstate acknowledged receipt of the claim;

c.      The date and manner in which Allstate commenced investigation of the claim;

d.      The date and manner in which Allstate requested from the claimant all items, statements, and forms that Allstate reasonably believed, at the time, would be required from the claimant; and

e.      The date and manner in which Allstate notified the claimant in writing of the acceptance or rejection of the claim.

6.      Please identify by date, amount and reason, the insurance proceed payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7.      Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8.      When was the date Allstate anticipated litigation?

9.      Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate's document retention policy.

10.     Does Allstate contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11.     Does Allstate contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12.     Does Allstate contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

13.     How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated? State the following:

a.      what performance measures are used; and

b.      describe Allstate's bonus or incentive plan for adjusters.

## CONCLUSION

77.     Plaintiff prays that judgment be entered against Allstate Vehicle and Property Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential

PLAINTIFF DAVID GIBONEY'S ORIGINAL PETITION                                    Page 18

damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Allstate Vehicle and Property Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ Brittené V. Wilson*
Bill L. Voss
State Bar No. 24047043
Scott G. Hunziker
State Bar No. 24032446
Brittené V. Wilson
State Bar No. 24073326
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
brittene@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**

FILED
DALLAS COUNTY
9/11/2015 4:39:26 PM
FELICIA PITRE
DISTRICT CLERK

## CAUSE NO. DC-15-08663

| | | |
|---|---|---|
| DAVID GIBONEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | 193RD DISTRICT COURT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Allstate Vehicle and Property Insurance Company ("Defendant"), in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and Defendant demands strict proof thereof by a preponderance of the evidence.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that the Plaintiff take nothing against this Defendant, that this Defendant be awarded costs, and for such other and further relief, both at law and in equity, special and general, to which Defendant Allstate Vehicle and Property Insurance Company is justly entitled to receive.

**DEFENDANT'S ORIGINAL ANSWER**                                                **Page 1**

Respectfully submitted,

**STACY & CONDER, LLP**

By: _____
      David G. Allen
      State Bar No. 00786972
      allen@stacyconder.com
      Danah L. Woods
      State Bar No. 24045259
      woods@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000 (Telephone)
(214) 748-1421 (FAX)

**ATTORNEYS FOR DEFENDANT
ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served this 11th day of September, 2015 upon all counsel of record pursuant to the Texas Rules of Civil Procedure.

David G. Allen
Danah L. Woods

CJW/PLDG/558131.1/000003.15599

**DEFENDANT'S ORIGINAL ANSWER**                                            **Page 2**