UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID GIBONEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:15-CV-3073-M |
| | § | |
| ALLSTATE VEHICLE AND | § | **(JURY)** |
| PROPERTY INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## I.
## INTRODUCTION

1.1     This Motion is filed pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule CV-7.  Allstate shows the Court that after a reasonable time for discovery, Plaintiff has no evidence that there are any genuine issues of material fact, and that it is entitled to summary judgment in its favor on Plaintiff's claims of negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act, and where Plaintiff seeks recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code.

## II.
## NATURE OF THE CASE

2.1     On August 3, 2015, Plaintiff filed this lawsuit against Defendant in the 193rd

Judicial District Court of Dallas County, Texas.

2.2     On September 21, 2015, Allstate removed this case based on diversity

jurisdiction.

2.3     This suit involves a claim by Plaintiff David Giboney ("Plaintiff") for insurance

benefits under a Texas Homeowners Policy, number 829918867, issued to him by Defendant

Allstate for the period October 10, 2014 to October 10, 2015, insuring his residential property

located at 3901 Cedar Creek Drive, Garland, Texas ("the Homeowners Policy").    Plaintiff

claims that his property was damaged on November 12, 2014 when a hail storm blew through the

area.  He further claims that Allstate wrongfully failed to pay his claim for damage to the roof,

and has thus filed this suit against Allstate asserting claims for breach of contract, negligence,

misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith

and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act,

and seeking recovery for statutory causes of action under the unfair settlement practices and

prompt payment of claims provisions of the Texas Insurance Code.

## III.
## PLAINTIFF'S ALLEGATIONS

3.1     The heart of Plaintiff's Original Petition alleges that Allstate "continually failed

and refused to pay Plaintiff's claims in a fair manner… failed to conduct a fair investigation into

the damage to the property, failed to properly inspect the property, failed to properly request

information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to

timely estimate the claim, failed to timely and properly report and make recommendations…

failed to properly adjust the claim and the losses, failed to explain the reasons for failing to offer adequate compensation for the damage to the property… and that Allstate performed a result-oriented investigation that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses."

3.2     Plaintiff also seeks damages for negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act, and purports to seek recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code.

3.3     Plaintiff's Original Petition, however, provides no factual allegations to support these claims.  The factual background section of Plaintiff's Original Petition is nothing more than paraphrases of Plaintiff's counsel's erroneous recitals of Allstate's supposed misconduct regarding each of these claims.  Plaintiff's tort and statutory claims rest not on alleged facts but on conclusory statements of Plaintiff's own legal conclusions.

3.4     The inadequacy of Plaintiff's allegations of Defendant's "misrepresentations" and "fraud" deserve particular note.  Plaintiff does not describe a single representation of any kind by Defendant, let alone one that qualifies as an actionable misrepresentation.  Plaintiff does not describe who made the alleged misrepresentation, when the misrepresentation occurred, the content of the misrepresentation, or in what way Plaintiff relied on the misrepresentation. Instead, Plaintiff states only the following: "Allstate is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation.  Essentially, Allstate did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were

made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to his detriment."

  3.5  Similarly, Plaintiff's allegation of common-law fraud by negligent misrepresentation is wholly devoid of any factual allegation to support such a claim.  Instead, Plaintiff states only the following: "Plaintiff would show that Allstate perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages.  Alternatively, Allstate fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court. By reason of Plaintiff's reliance on Allstate (sic) fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues. Plaintiff further alleges that because Allstate knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Allstate, and constitute conduct for which the law allows the imposition of exemplary damages."

## IV.
## THE APPLICABLE STANDARDS FOR SUMMARY JUDGMENT AGAINST A PARTY BEARING THE BURDEN OF PROOF

4.1     Federal Rule of Civil Procedure 56(c) provides that a summary judgment must be entered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Epps v. NCNB Nat'l Bank*, 838 F. Supp. 296, 298-99 (N. D. Tex.), *aff'd*, 7 F.3d 44 (5th Cir. 1993).

4.2     A summary judgment shall be granted when the movant negates critical elements of the non-movant's claims or defenses.   However, the federal rules also allow summary judgment in situations where there is *no evidence* to support necessary elements of a claim.   A defendant may move for entry of summary judgment, after an adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Rule 56, Fed. R. Civ. P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact.   *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).   Once a moving party has discharged this initial burden, the burden shifts to the nonmoving party to demonstrate the presence of a genuine issue of material fact.   *Little,* 37 F.3d at 1075.   If the moving party meets this burden,  Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace*

*v. Texas Tech Univ.*, 80, F.3d 1042, 1046-47 (5th Cir. 1996).  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Little,* 37 F.3d at 1075; *Wallace*, 80 F.3d at 104.

## V.
## <u>ADEQUATE TIME FOR DISCOVERY HAS PASSED</u>

5.1     Allstate is entitled to a no-evidence summary judgment on Plaintiff's causes of action for negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act, and where Plaintiff seeks recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code, as Plaintiff has had an adequate time for discovery.

## VI.
## <u>APPLICATION OF RULE 56 TO THE PLAINTIFF'S CLAIMS</u>

6.1     As a Federal Court sitting in diversity, this Court should apply Texas substantive law to the Plaintiff's common law claims. The principles of that substantive law, and its application to the Plaintiffs' claims and evidence, require dismissal of a significant portion of Plaintiffs' claims against Allstate. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).  Specifically, Plaintiff has brought forth no evidence to support his claims of negligence, misrepresentation, fraud, breach of fiduciary duty, breach of the duty of good faith or violations of the Texas Deceptive Practices Act and Texas Insurance Code.

**A.  Plaintiff Has No Evidence to Support A Cause of Action for Negligence Against Allstate**

Plaintiff has alleged that Allstate was negligent, but wholly fails to plead with any specificity how this is true.

In order to prove his negligence claims, Plaintiff must prove the following elements:

1.      Allstate owed a legal duty to the Plaintiff;

2.      Allstate breached that duty; and

3.      The breach proximately caused the Plaintiff's injury.

*Western Investments v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).

Allstate is entitled to summary judgment as to Plaintiff's claim of negligence because, after an adequate time for discovery, there is no evidence that Allstate breached any duty. Further, there is no evidence that any act or omission by Allstate was a proximate cause of the damages sustained by Plaintiff.  As a result, the Plaintiff has no evidence as to one or more of the essential elements required to prove its cause of action and thus Allstate is entitled to summary judgment on this claim.

**B.  Plaintiff has No Evidence to Support His Claim of Misrepresentation**

Allstate is entitled to a no-evidence summary judgment on Plaintiff's cause of action for misrepresentation because there is no evidence to support the essential elements of his cause of action. To prevail on a cause of action for misrepresentation, the plaintiff must prove the following:

(1) the defendant made a representation to the plaintiff in the course of defendant's business or in a transaction in which the defendant had an interest;

(2) the defendant supplied false information for the guidance of others;

(3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information;

(4) the plaintiff justifiably relied on the representations; and

(5) the defendant's misrepresentation proximately caused the plaintiff's injury.

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests,* 991 S.W.2d 787, 7971 (Tex.

199) (elements 1-5).

Plaintiff cannot prevail on his cause of action for misrepresentation because there is no evidence that Allstate made a representation to Plaintiff in the course of Allstate's business or in a transaction in which Allstate had an interest; that Allstate supplied false information for the guidance of others; that Allstate did not exercise reasonable care or competence in obtaining or communicating the information; that Plaintiff relied on any representation of Allstate; and that Allstate's misrepresentation proximately caused Plaintiff an injury.

## C.  Plaintiff has No Evidence of any Breach of Fiduciary Duty

Generally, for a party to establish a claim for breach of a fiduciary duty, there must exist a fiduciary relationship between the plaintiff and defendant, the defendant must have breached its fiduciary duty to the plaintiff, and the defendant's breach must result in injury to the plaintiff, or benefit to the defendant.  *See Burrow v. Arce*, 997 S.W.2d 229, 238-39 (Tex. 1999).

Allstate is entitled to summary judgment on the breach of fiduciary duty claim in this case because there is no evidence that Allstate breached any fiduciary duty owed to Plaintiff with regard to the purported misrepresentations, failures to disclose or various vague, ambiguous, boilerplate misdeeds that are littered throughout Plaintiff's petition.  There is no evidence that

any breach of fiduciary duty resulted in injury to Plaintiff, and no evidence that Allstate received any improper benefit from its relationship to Plaintiff.   Accordingly, Plaintiff's claims necessarily fail on the requisite elements for establishing his breach of fiduciary duty claim, thereby entitling Allstate to summary judgment this claim as a matter of law.

### D.  Plaintiff has No Evidence that Allstate Committed Common Law Fraud

Under Texas law, the elements of a common law fraud claim are:

1.      The defendant made a representation to the plaintiff;

2.      The representation was material;

3.      The representation was false;

4.      The defendant knew the representation was false when made or made the representation recklessly, as a positive assertion, and without knowledge of its truth;

5.      The defendant made the representation with the intent that the plaintiff act on it;

6.      The plaintiff relied on the representation; and

7.      The representation caused injury to the plaintiff.  *Ernst & Young, L.L.P. v. Pacific Mutual Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).  In this case, there is no evidence that any representation -- if in fact any were actually made -- were false when made or were made recklessly, as a positive assertion, and without knowledge of its truth.  Moreover, if any such representation was made and it turned out to be false, there is no evidence that Allstate knew it was false when it was made.  Thus, summary judgment is warranted on Plaintiff's claim of Common Law Fraud.

**E. Plaintiff has No Evidence of any Breach of the Duty of Good Faith and Fair Dealing**

Accompanying the insurance contract is a common law duty of an insurer to deal in good faith with its insured. *Aranda v. Insurance Co. of N. America*, 748 S.W.2d 210, 212 (Tex.1988). Without evidence of an insurance contract between the plaintiff and the insurer, there is no duty of good faith and fair dealing. *Natividad v. Alexis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994). To prove an action for bad faith, the Plaintiff must establish that the insurer either (1) denied or delayed payment of the plaintiff's claim when liability was reasonably clear or (2) canceled a policy without a reasonable basis for doing so. *See State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Here, there is no evidence of the following essential elements of Plaintiff's claim for breach of the duty of good faith and fair dealing:

    1.      That Allstate denied or delayed payment of a claim; and

    2.      That Allstate knew coverage was clear;

Plaintiff has no evidence to support his claim of breach of the duty of good faith and fair dealing against Allstate. Therefore, less than a scintilla of evidence exists and the evidence is so weak as to do no more than create a mere surmise or suspicion of fact. As a result, Allstate is entitled to judgment as a matter of law on Plaintiff's breach of the duty of good faith and fair dealing claim.

**F. Plaintiff has No Evidence that Allstate Violated Chapter 542 of the Texas Insurance Code**

In order to prevail on a claim that Allstate violated Chapter 542 of the Texas Insurance Code (formerly Article 21.21/21.55), Plaintiff must show the following:

    1. The Plaintiff had a claim under an insurance policy;

    2. The Plaintiff gave proper notice of its claim to the insurer;

3.  The insurer is liable for the claim;

4.  The insurer violated chapter 542 by not timely:

    (a)    acknowledging, investigating or requesting information about the claim;

    (b)    accepting, rejecting or extending time to decide the claim; or

    (c)    paying the claim.

*See* TEX. INS. CODE ANN. §§ 542.001, *et seq.* (Vernon 2014); *see also Menix v. Allstate Indem. Co.*, 83 S.W.3d 877, 883 (Tex. App.-Eastland 2002, pet. denied) (elements 1, 3, 4); *Northwestern Nat'l County Mutual Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 720 (Tex. App.-San Antonio 2000) (elements 1-3, 4(c)).   Chapter 542 of the Texas Insurance Code requires that an insurer acknowledge receipt of a claim, commence its investigation of that claim, and request any necessary information from the insured regarding that claim within 15 days of receiving notice of the claim.   TEX. INS. CODE ANN. § 524.055.   Thereafter, the insurer must accept or reject the claim within 15 business days after receiving all necessary information regarding the claim. TEX. INS. CODE ANN. § 524.056.   A plaintiff must first establish the liability of the insured before the insurer becomes contractually obligated to make any payment.   *State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722 (Tex. 1989) (holding that assignee physician could not sue insurance company directly where he had not established by judgment or settlement agreement that insured had legal obligation to pay damages to assignor); *see also Great American Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969).   The relevant portions of the "Prompt Payment" statute are as follows:

### § 542.055    Receipt of Notice of Claim

    (a)    Not later than the15th day or, if the insurer is an eligible surplus lines insurer, the 30th business day after the date an insurer receives notice of a claim, the insurer shall:

(1) acknowledge receipt of the claim;

(2) commence any investigation of the claim; and

(3) request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant.

(b)     An insurer may make additional requests for information if during the investigation of the claim the additional requests are necessary.

(c)     If the acknowledgement of receipt of a claim is not made in writing, the insurer shall make a record of the date, manner, and content of the acknowledgement.

**§ 542.056     Notice of Acceptance or Rejection of Claim**

(a)     Except as provided by Subsections (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of the claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss.

(c)     If the insurer rejects the claim, the notice required by Subsection (a) or (b).

(d)     If the insurer is unable to accept or reject the claim within the period reject the claim not later than the 45th day after the date the insurer notifies a claimant under this subsection.

**§ 542.058     Delay in Payment of Claim**

(a)     Except as otherwise provided, if an insurer, after receiving all items, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

Here, Plaintiff has no evidence of any of the following essential elements:

1.     Allstate failed to acknowledge receipt of Plaintiffs' claim within 15 days of receiving notice of the claim;

2.     Allstate failed to commence its investigation of Plaintiffs' claim within 15 days of receiving notice of the claim;

3.     Plaintiff provided Allstate with all requested information to evaluate the claim; and

**DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT - PAGE 12**

4.      Allstate failed to accept or reject Plaintiff's claim within 15 business days after receiving all necessary information regarding the claim.
TEX. INS. CODE §§ 542.055 - 542.058.

Because Plaintiff has no evidence that Allstate violated the Texas Insurance Code as alleged in his Petition, the evidence is so weak as to do no more than create a mere surmise or suspicion of fact.  As a result, Allstate is entitled to judgment as a matter of law on Plaintiff's claim that Allstate violated the Texas Insurance Code.

### G.  Plaintiff has No Evidence that Defendant Violated the Texas Deceptive Trade Practices Act

1.      DTPA VIOLATIONS GENERALLY.[1]

There is no evidence as to the following essential elements to sustain a claim for a violation of the DTPA:

(a)      Allstate violated a specific provision of the DTPA[2];

(b)      Producing cause;

(c)      Detrimental reliance;

(d)      Damages.

To maintain this cause of action against Allstate, Plaintiff must go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Plaintiff has no evidence to support its DTPA claim against Allstate and accordingly, Allstate is entitled to summary judgment on this claim.

---

1 Additionally, because Plaintiff has no evidence of a violation of Chapter 542 of the Texas Insurance Code, he cannot prevail as a matter of law on his claim that Allstate's actions violated the DTPA.

2 A "consumer must, in order to prevail on a DTPA claim, establish that a defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury."  *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 649 (Tex. 1996) (emphasis supplied).

**DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT - PAGE 13**

## VII.

## <u>Conclusion</u>

7.1      Where a non-movant fails to produce the proper level of evidence of probative force to raise a fact issue on the material question presented, the movant is entitled to judgment as a matter of law. *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex.App.--Austin 1998, no pet.). Because there is no evidence to support Plaintiff's claims of negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing, any violation of the Texas Deceptive Trade Practices Act, or any violation of the Texas Insurance Code, as those claims are defined under Texas law, Allstate is entitled to summary judgment as to each of these claims.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate moves this Court to grant its Motion for Partial Summary Judgment in all respects, dismissing Plaintiffs' claims for negligence, misrepresentation, breach of fiduciary duty, common law fraud, breach of the duty of good faith and fair dealing pursuant to Texas common law and the Texas Deceptive Trade Practices Act, and where Plaintiff seeks recovery for statutory causes of action under the unfair settlement practices and prompt payment of claims provisions of the Texas Insurance Code. Defendants request any such further relief to which Defendants may be entitled.

Respectfully submitted,

**STACY & CONDER, LLP**

By:     /s/ David G. Allen
        David G. Allen
        State Bar No.: 00786972
        allen@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 Fax
**ATTORNEY FOR DEFENDANT
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

On **August 15, 2016** I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      /s/ David G. Allen
      David G. Allen