UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID GIBONEY, | ) |
|     Plaintiff, | ) |
| v. | )    No. 3:15-CV-3073-BF |
| ALLSTATE VEHICLE AND PROPERTY | ) |
| INSURANCE COMPANY, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Before the Court are Allstate Vehicle and Property Insurance Company's ("Defendant") Motion for Partial Dismissal of Plaintiff's Original Petition [ECF No. 18] ("Motion for Partial Dismissal"), and Partial Motion for Summary Judgment [ECF No. 22]. For the following reasons, Defendant's Motion for Partial Dismissal [ECF No. 18], and Partial Motion for Summary Judgment [ECF No. 22] are **DENIED without prejudice**.

## BACKGROUND

David Giboney ("Plaintiff") filed his Original Petition in the 193rd Judicial District Court in Dallas County, Texas on August 3, 2015. *See* Original Pet. 1, ECF No. 1; Mot. for Partial Dismissal 1, ECF No. 18. This case involves a first party insurance dispute regarding damages sustained to Plaintiff's property located at 3901 Cedar Creek Drive, Garland, TX 75043 (the "Property"). Original Pet. 2, ECF No. 1. Plaintiff purchased a residential insurance policy from Defendant which covers losses from storm-related events (the "Policy"). *Id.*, ECF No. 1. On November 12, 2014, the Property sustained damages from a storm. *Id.*, ECF No. 1. Plaintiff contends that, despite his timely payment of all of his insurance premiums, Defendant refused to pay Plaintiff in accordance with the Policy. *Id.* at 3, ECF No. 1. Plaintiff further contends that Defendant performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased, and inequitable evaluation of

Plaintiff's losses, and Defendant has, to date, refused to fully compensate Plaintiff under the terms of the Policy. *Id.* at 4, ECF No. 1.

Plaintiff alleges the following in his Original Petition: (1) negligence; (2) breach of contract; (3) violations of the Texas Deceptive Trade Practices Act ("DTPA") and Tie-in-Statutes; (4) violations of the Texas Insurance Code; (5) breach of the common-law duty of good faith and fair dealing; (6) breach of fiduciary duty; (7) unfair insurance practices; (8) misrepresentation; (9) common-law fraud by negligent misrepresentation; and (10) waiver and estoppel. *Id.* at 5-15, ECF No. 1. Plaintiff seeks damages in excess of $100,000.00, but not exceeding $200,000.00. *Id.* at 15, ECF No. 1. Plaintiff also contends that Defendant is liable for additional damages under the DTPA and the Texas Insurance Code, because Defendant's conduct was knowing and intentional. *Id.* at 15, ECF No. 1. Plaintiff further seeks attorney fees. *Id.* at 16, ECF No. 1. Defendant removed this case to the Northern District of Texas on September 21, 2015. Notice of Removal, ECF No. 1. On December 7, 2015, Defendant filed its Motion for Partial Dismissal seeking dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6) Plaintiff's claims for: (1) violations of the DTPA and the Texas Insurance Code; (2) breach of the duty of good faith; (3) breach of fiduciary duty; (4) misrepresentation; and (5) fraud. Mot. for Partial Dismissal 4-9, ECF No. 18. Plaintiff failed to file a response to the Motion for Partial Dismissal and the time to do so has passed.

**ANALYSIS**

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "'a formulaic

recitation of the elements of a cause of action will not do.'" *Id.* Under Rule 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A court may dismiss a complaint under Rule 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See id.* A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

In the Motion for Partial Dismissal, Defendant seeks partial dismissal of Plaintiff's Original Petition on the ground that Plaintiff failed to adequately plead, in violation of Rules 8 and 9(b), his claims for violations of the DTPA and the Texas Insurance Code, breach of the duty of good faith, breach of fiduciary duty, misrepresentation, and fraud. Mot. for Partial Dismissal 1 & 4, ECF No. 18. Defendant argues that Plaintiff's Original Petition is the model of an inadequately pled complaint. *Id.* at 5, ECF No. 18. Defendant contends that, other than the allegations supporting Plaintiff's breach of contract claim, none of Plaintiff's allegations are entitled to the presumption of truth. *Id.*, ECF No. 18. Defendant argues that Plaintiff gives no explanation as to what failure of Defendant he is referring to or what was not fair about Defendant's conduct. *Id.*, ECF No. 18.

As previously stated, while Plaintiff failed to file a response addressing the arguments raised in Defendant's Motion for Partial Dismissal, Defendant's motion also does not specifically address

in detail each of Plaintiff's claims that it seeks to dismiss. Mot. for Partial Dismissal 4-9, ECF No. 18. Therefore, in order to facilitate the efficient resolution of Plaintiff's claims, and because Plaintiff has not yet amended his complaint in this action, the Court denies without prejudice Defendant's Motion for Partial Dismissal and orders Plaintiff to file an amended complaint that addresses the deficiencies raised in Defendant's motion. Should Defendant wish to subsequently file a motion to dismiss Plaintiff's amended complaint, Defendant must specifically address each claim that it seeks to dismiss with supporting case law and analysis discussing why each of the claims should be dismissed. Furthermore, Plaintiff is ordered to file responses to any subsequently filed dispositive motions.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Partial Dismissal [ECF No. 18] is **DENIED without prejudice**. Plaintiff is directed to file an amended complaint within 2 weeks of the entry of this Memorandum Opinion and Order that addresses the deficiencies raised in Defendant's Motion for Partial Dismissal. Because Plaintiff has been directed to file an amended complaint, Defendant's pending Partial Motion for Summary Judgment [ECF No. 22] is also **DENIED without prejudice** to re-filing after Plaintiff files his amended complaint. **Furthermore, the Court extends the dispositive motions deadline to November 30, 2016 and vacates the pretrial materials deadlines and the trial setting.** *See* Scheduling Order, ECF No. 17. The Court will reset the trial setting and related deadlines after it disposes of the dispositive motions, if necessary.

**SO ORDERED**, this 15th day of September, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE