IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID GIBONEY,** | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-3073-M |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY,** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** David Giboney (hereinafter "Plaintiff"), and complains of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is an individual whose residence is located in Garland, Dallas County, Texas Defendant Allstate is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, who has been served with process previously, has answered through counsel, and is before this Honorable Court for all purposes.

### BACKGROUND

2. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 3901 Cedar Creek Drive, Garland, TX 75043, (the "Property"). In addition to seeking economic and penalty based damages from Allstate, Plaintiff also seeks compensation from Allstate for

damages caused by improperly investigating the extensive losses associated with this case.

3.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Allstate to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through his residential policy, 829918867, Plaintiff was objectively insured for the subject loss by Defendant.

4.      On or around November 12, 2014, the Property suffered incredible damage due to storm related conditions. In the aftermath, Plaintiff relied on Allstate to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

5.      Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion. Moreover, his residential policy covered Plaintiff during the time period in question. Despite Plaintiff's efforts, Allstate continually failed and refused to pay Plaintiff in accordance with its promises under the Policy. Moreover, Allstate has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

6.      In the months following, Plaintiff provided information to Allstate, as well as provided opportunities for Allstate to inspect the Property. However, Allstate failed to conduct a fair investigation into the damage to the Property. Moreover, Allstate failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

7.      Allstate has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Allstate has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Allstate did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy. Allstate has further failed to affirm or deny coverage within a reasonable time.  Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Allstate in a timely manner.

8.      Allstate has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Allstate that failed to conduct a reasonable investigation. Ultimately, Allstate performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

9.      Allstate has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

10.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Allstate. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

11.     In addition, Allstate has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

12. All conditions precedent to recovery by Plaintiff have been met or have occurred.

## AGENCY

13. All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and/or were completed in its normal and routine course and scope of employment with Allstate.

## CLAIMS AGAINST DEFENDANT

14. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

15. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs. According to the policy that Plaintiff purchased, Allstate had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

16. Following its initial inspection, Allstate stated that Plaintiff's damage was under deductible on January 21, 2015. This was the result of an inspection by Paul Kimsophalla on

January 19, 2015. Mr. Kimsophalla admitted that hail and wind impacted all the soft metals atop Plaintiff's roof, because it was too obvious to ignore. This resulted in three turbine vents, and one turtle roof vent needing replacement by admission of Allstate. Mr. Kimsophalla also stated agreed that a wooden gate needed replacement. The entire estimate totaled $750.38 before depreciation and deductible. Plaintiff's expert has since made three inspections. Its most recent estimate is $17,315.67. This is well above Plaintiff's $2,150.00 deductible. Plaintiff's estimate includes a roof replacement for a 32 Square roof.

17. Despite objective evidence of such hail and wind damages and subjective admission that hail damaged "roof collateral," Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

**B.**
**VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES**

18. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

19. Allstate's collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code. Allstate collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or

          obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Allstate in low-balling and/or denying Plaintiff's damage claim.

20.    Specifically, Allstate's adjuster, Mr. Kimsophalla, stated that there was hail evidence to "roof collateral" which even Mr. Kimsophalla could not ignore, and "granular loss" on the north, south, east, and western slopes of the roof, but refused to acknowledge such damage as the cause of Plaintiff's issues. Thus, denying Plaintiff the rights and remedies which he bargained for. Plaintiff reiterates that Defendant's agents represented that his Property would be covered against storm related damages — so far Allstate has denied these rights and remedies to Plaintiff, despite admitting that hail and wind damage is a covered loss in its own inspection report.

21.    As described above, Allstate represented to Plaintiff that his insurance policy would cover storm related damages, and that Allstate's adjusting and investigative services had

characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA. Instead, Allstate's adjuster admitted that hail impacted the roof, but ignored obvious damage to the shingles and called it "wear and tear."

22. As described above, Allstate represented to Plaintiff that its insurance policy and Allstate's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA. Instead, Allstate's adjuster performed a goal-oriented investigation in which he had to admit the clear signs of hail damage, but attempted to sweep the rest under the rug.

23. By representing that Allstate would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Allstate has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA despite admissions that hail impacted the property.

24. Allstate has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

25. Allstate's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate sent an adjuster to perform an inspection which would show a predetermined result, clearly ignoring signs of hail impacts throughout the property. Allstate's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

26. Allstate's conduct, acts, omissions, and failures, as described in this Amended Complaint, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4)

of the DTPA.

27. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Allstate to his detriment. As a direct and proximate result of Allstate's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Allstate are a producing cause of Plaintiff's damages that are described in this Amended Complaint.

28. Because Allstate's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Allstate having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Allstate having intentionally committed such conduct.

29. As a result of Allstate's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

# C.
# VIOLATIONS OF TEXAS INSURANCE CODE

30. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

31. Allstate's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Allstate engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> h. Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
>
> i. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
>
> j. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;
>
> k. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;
>
> l. Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or
>
> m. Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant

32. Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of

the unauthorized acts of Allstate, and Plaintiff relied upon these unfair or deceptive acts or practices by Allstate to his detriment. Accordingly, Allstate became the insurer of Plaintiff.

33. As a direct and proximate result of Allstate's acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which he now sues. Specifically, Defendant's agent inspected the property and reported hail impacts on each slope of the roof, but stated that the hail only damaged "roof collateral." He also stated that there was "granular loss" on every slope. Allstate, through its agent, ignored clear signs of hail damage and blamed Plaintiff's damages on "wear and tear." Allstate further ignored evidence of hail damage provided by Plaintiff's expert and relied on their result-oriented investigation. These actions constitute a violation of the Texas Insurance Code.

34. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Allstate's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Allstate having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Allstate having intentionally committed such conduct.

35. As a result of Allstate's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business &

Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### D. BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

36. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

37. By its acts, omissions, failures and conduct, Allstate has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Specifically, Defendant stated that Plaintiff's damages were under deductible. In the same breath, Defendant's agent admitted that hail had impacted every slope of the roof resulting in "granular loss." But instead of admitting that this severely damaged Plaintiff's roof, he stated that is only damaged "roof collateral." Essentially, Allstate ignored signs of damage and tried to do away with it by claiming "wear and tear."

38. Allstate has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Allstate knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered, because its agent admitted that wind and hail were covered losses in its report. These acts, omissions, failures, and conduct by Allstate is a proximate cause of Plaintiff's damages.

## ATTORNEY FEES

39. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Civil Practice and Remedies Code.

## JURY DEMAND

40. Plaintiff has previously demanded a jury trial in this matter.

## CONCLUSION

41. Plaintiff prays that judgment be entered against Allstate Vehicle and Property Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Amended Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Allstate Vehicle and Property Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

*/s/ Scott G. Hunziker*
Scott G. Hunziker
State Bar No. 24032446
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
scott@vosslawfirm.com

**CERTIFICATE OF SERVICE**

  I certify that on September 29, 2016, a true and correct copy of the foregoing was sent in accordance with Federal Rules of Civil Procedure, either electronically or as indicated below:

David G. Allen
Stacy & Conder, LLP
901 Main Street, Suite 6200
Dallas, Texas 75202
Telephone: (214) 748-5000
Facsimile: (214) 748-1421
allen@stacyconder.com

                /s/ *Scott G. Hunziker*
                Scott G. Hunziker

PLAINTIFF'S AMENDED COMPLAINT
**Page 13**